### RUPE and others *v.* NEW MEXICO LUMBER ASS'N.

Filed January 31, 1885.

1. MECHANIC'S LIEN — CHARGE IN COMPLAINT — JOINT LIABILITY — JUDGMENT AGAINST INDIVIDUALS.
    When, in an action at law, a joint liability is charged, judgment cannot be entered separately against one of the parties.
2. SAME—ASSUMPSIT.
    In an action in *assumpsit* a judgment to enforce a mechanic's lien cannot be entered. *Finane* v. *Las Vegas Hotel & Imp. Co., ante,* 256.[1]

Error to First judicial district court, San Miguel county.

*Frank Springer* and *Breeden & Vincent,* for plaintiffs in error.

*Lee & Fort,* for defendant in error.

BELL, J. The defendant in error commenced a proceeding in the court below to enforce a mechanic's lien. From the record it appears that the first step taken was to file what was entitled a declaration in *assumpsit.* The plaintiff therein was a subcontractor, having furnished to the defendants Rupe & Bullard, contractors, certain lumber, which, it is charged, was furnished for and used by them in the construction of a building which they had agreed to erect for the co-de-

[1] Same case, 5 Pac. Rep. 725.

fendants, Duncan and Oakley, as owners. The first counts in the declaration are all common counts in *assumpsit*, and charge the four defendants jointly with the value of the lumber furnished the contractors by the plaintiff. Then comes the usual demand for judgment against all the defendants for the amount claimed.

Following the demand for judgment another count appears, which recites a joint contract with the defendants Rupe & Bullard as contractors, and Duncan and Oakley, as owners of certain described lands, by which the plaintiff agreed to furnish lumber for the erection of a certain livery stable by the said contractors for the said owners, on said lands; that the lumber was furnished, as agreed upon, and was used in the construction of the stable; and that within the time limited by law the plaintiff filed for record a claim of lien upon the said building, in manner and form prescribed by statute; that the time for payment for said material had passed; but that the defendants had neglected and refused to pay for the same, to the damage of plaintiff. This count then closes with a prayer for relief, as follows:

"Your petitioner, therefore, prays your honor to grant the plaintiff a mechanic's lien, as by the statute in such case made and provided, and that the said property be made subject to the judgment awarded herein; and further, that the court allow, as part of the costs, the cost of filing and recording the said lien, and reasonable attorney's fees, as provided by statute, and for other relief."

To this so-called declaration in *assumpsit* the defendants pleaded the general issue as to the common counts, and special denial to each of the allegations contained in the special count. Upon the issues thus raised the parties went to trial. By stipulation a jury was waived and the cause tried by the court, which, after hearing the evidence and arguments of counsel, found for the plaintiff as follows:

"* * * For the plaintiff personally against the defendants Albert C. Rupe and Edward Bullard, in the sum of three hundred and seventy-four dollars and fifty-nine cents. It is therefore considered by the court that the said plaintiff, the New Mexico Lumber Association, do have and recover of and from the said defendants Albert C. Rupe and Edward Bullard the sum of three hundred and seventy-four dollars and fifty-nine cents, and the costs and charges in this behalf paid, laid out and expended, taxed at ———— dollars; and the court further finds that the said judgment for three hundred and seventy-four dollars and fifty-nine cents was for material furnished by the plaintiff for the erection of a frame livery-stable on lots numbered 19, 20, and 21, of block number 15, of Lopez addition, in the city of Las Vegas, county of San Miguel, and territory of New Mexico, for which said Rupe and Bullard were the contractors, and the said James Duncan and Robert Oakley were the owners; that the said plaintiff, on the ninth day of June, 1883, it being within sixty days after the furnishing the said material, filed in the office of the probate clerk of San Miguel county, New Mexico, a claim for a mechanic's lien, in accordance with the provisions of the statutes. It is therefore ordered, adjudged, and decreed by the court that the said property is hereby subjected to a mechanic's lien for the payment of said judgment of three hundred and seventy-four dollars and fifty-nine cents, and that all of the right, title, and interest of the said James Duncan and Robert Oak-

ley in and to said property be sold as other property is sold upon execution, and the proceeds thereof be applied to the payment of said judgment."

It is assigned as error that "the court erred in finding separately against Duncan and Oakley for a sale of their property, and against Rupe & Bullard in a general judgment for the purchase money, when the declaration was on a joint liability." We think that this objection is well taken, and is fatal to the judgment. It is not necessary to cite authority to sustain the proposition that when, in an action at law, a joint liability is charged, judgment cannot be entered separately against one of the parties. It is equally clear that in an action in *assumpsit* a judgment to enforce a mechanic's lien cannot be entered against any or all the parties. The question of the form of the action was not raised by the record before us, and so we cannot consider it here. It is considered, however, in another case argued at the present term of the court, (*Finane* v. *Las Vegas Imp. Co.,* *ante,* 256,[1]) and the views expressed in that case may serve as a guide in the future conduct of this one. As the judgment must be reversed for the reasons already stated, we will not review the other alleged errors.

Judgment reversed, and case remanded to the court below for such further action as may be proper.

WILSON, J., concurs.

[1] Same case, 5 Pac. Rep. 725.